JS-6

1

2

3

4

5

6

7

8         UNITED STATES DISTRICT COURT

9         CENTRAL DISTRICT OF CALIFORNIA

10

11  DEL MAR FINANCIAL                    **Case No. CV 17-00730-GW (RAOx)**
    MANAGEMENT, INC.,
12
                    Plaintiff,
13                                        **ORDER REMANDING ACTION**
        v.                               **AND DENYING APPLICATION**
14                                        **TO PROCEED WITHOUT**
    RIZAL S. MARTIN and GENARA-           **PREPAYING FEES OR COSTS**
15  SUSAN A. MARTIN,
16                  Defendants.
17

18                          **I.**

19                  **FACTUAL BACKGROUND**

20        Plaintiff Del Mar Financial Management, Inc. ("Plaintiff") filed an unlawful

21  detainer action in Los Angeles County Superior Court against Rizal S. Martin and

22  Genara-Susan A. Martin ("Defendants") on or about December 29, 2016.  Notice of

23  Removal ("Removal") & Attached Complaint for Unlawful Detainer ("Compl.")

24  and Demurrer, Dkt. No. 1.  Defendants are allegedly occupants and former owners

25  of real property located in Carson, California ("the property").  Compl., ¶¶ 2, 4.

26  Plaintiff is the current owner of the property.  *Id.* at ¶¶ 1-2.

27        Defendants filed a Notice of Removal on January 30, 2017, invoking the

28  Court's federal question jurisdiction asserting that Defendants' Demurrer to the

1  Complaint raises issues under federal law and citing to 42 U.S.C. §§ 1981-1985.[1]

2  Removal at 1, 7-8.  The same day, Defendant Rizal Martin filed an Application to

3  Proceed Without Prepaying Fees or Costs.  Dkt. No. 3.

4  **II.**

5  **DISCUSSION**

6  Federal courts are courts of limited jurisdiction, having subject matter

7  jurisdiction only over matters authorized by the Constitution and statute.  *See, e.g.,*

8  *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377, 114 S. Ct. 1673, 128

9  L.Ed.2d 391 (1994).  It is this Court's duty always to examine its own subject

10  matter jurisdiction, *see Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514, 126 S. Ct. 1235,

11  163 L.Ed.2d 1097 (2006), and the Court may remand a case summarily if there is

12  an obvious jurisdictional issue.  *Cf. Scholastic Entm't, Inc. v. Fox Entm't Grp., Inc.*,

13  336 F.3d 982, 985 (9th Cir. 2003) ("While a party is entitled to notice and an

14  opportunity to respond when a court contemplates dismissing a claim on the merits,

15  it is not so when the dismissal is for lack of subject matter jurisdiction.") (omitting

16  internal citations).  A defendant attempting to remove an action from state to

17  federal court bears the burden of proving that jurisdiction exists.  *See Scott v.*

18  *Breeland*, 792 F.2d 925, 927 (9th Cir. 1986).  Further, a "strong presumption"

19  against removal jurisdiction exists.  *See Gaus v. Miles, Inc.*, 980 F.2d 564, 567 (9th

20  Cir. 1992).

21  As noted above, Defendants assert that this Court has subject matter

22  jurisdiction due to the existence of a federal question.  (Removal at 1, 7-8.)  Section

23  1441 provides, in relevant part, that a defendant may remove to federal court a civil

24  action in state court of which the federal court has original jurisdiction.  *See 28*

25
26  [1]  The Notice of Removal also cites to 28 U.S.C. § 1332, the federal statute on
     diversity of citizenship.  However, later in their notice of removal, Defendants
27  expressly state that removal is not based on diversity of citizenship.  *See* Removal
     at 9.  Accordingly, the Court does not address the issue of diversity under Section
28  1332.

2

U.S.C. § 1441(a).  Section 1331 provides that federal "district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." *See id.* § 1331.

Here, the Court's review of the Notice of Removal and the attached Complaint and Demurrer makes clear that this Court does not have federal question jurisdiction over the instant matter.  Plaintiff could not have brought this action in federal court, in that Plaintiff does not allege facts supplying federal question jurisdiction, and therefore, removal was improper.  *See* 28 U.S.C. § 1441(a); *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392, 107 S.Ct. 2425, 2429, 96 L.Ed.2d 318 (1987) ("Only state-court actions that originally could have been filed in federal court may be removed to federal court by the defendant.") (footnote omitted).

First, there is no federal question apparent on the face of Plaintiff's complaint, which alleges only a simple unlawful detainer cause of action.  *See Wescom Credit Union v. Dudley*, No. CV 10-8203 GAF (SSx), 2010 WL 4916578, *2 (C.D.Cal. Nov. 22, 2010) ("An unlawful detainer action does not arise under federal law.") (citation omitted); *IndyMac Federal Bank, F.S.B. v. Ocampo*, No. EDCV 09-2337 PA(DTBx), 2010 WL 234828, at *2 (C.D.Cal. Jan. 13, 2010) (remanding an action to state court for lack of subject matter jurisdiction where plaintiff's complaint contained only an unlawful detainer claim).

Second, there is no merit to Defendants' contention that federal question jurisdiction exists because Defendants' Demurrer raises issues of federal law under 42 U.S.C. §§ 1981-1985.  Removal at 1, 7-8.  It is well settled that a "case may not be removed to federal court on the basis of a federal defense . . . even if the defense is anticipated in the plaintiff's complaint, and even if both parties concede that the federal defense is the only question truly at issue." *Caterpillar*, 482 U.S. at 393, 107 S. Ct. at 2430.  Thus, to the extent Defendants' defenses to the unlawful detainer action are based on alleged violations of federal law, those defenses do not

1  provide a basis for federal question jurisdiction. *See id.* Because Plaintiff's

2  complaint does not present a federal question, either on its face or as artfully pled,

3  the court lacks jurisdiction under 28 U.S.C. § 1331.

4  **III.**

5  **CONCLUSION**

6  Accordingly, IT IS ORDERED that this case is REMANDED to the Superior

7  Court of California, County of Los Angeles, forthwith.

8  IT IS FURTHER ORDERED that Defendant's Application to Proceed

9  Without Prepaying Fees or Costs is DENIED as moot.

10  IT IS SO ORDERED.

11

12  DATED: February 2, 2017

13  _____
GEORGE H. WU

14  UNITED STATES DISTRICT JUDGE

15  Presented by:

16

17  _____
ROZELLA A. OLIVER

18  UNITED STATES MAGISTRATE JUDGE

19

20

21

22

23

24

25

26

27

28